IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-1524 |
| TOMMY SHAWN CLOWER & ALBERT YEARGIN, JR. | § § § § | |
| Defendants. | § | |

## ORDER

In this interpleader action, Tommy Shawn Clower moved for leave to amend his crossclaim to include himself in an additional capacity as independent executor of the estate of Jo Ann Clower. (Docket Entry No. 30). John Albert Yeargin, Jr., the cross-defendant, responded opposing leave to amend because (1) at a scheduling conference, Clower represented that there were no new parties and that no amendments would be required, and (2) amendment would be futile because the estate of Jo Ann Clower has no claim or standing in this case. (Docket Entry No. 31).

The Rule 16(b) "good cause" standard, rather than the Rule 15(a) "freely given" standard, governs a motion to amend filed after a court's scheduling order deadline. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). The good-cause standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). In deciding whether there is good cause to amend a scheduling order, courts consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816

F.3d 315, 328 (5th Cir. 2016). Clower asserts that he has been diligent, that the proposed amended crossclaim will not prejudice Yeargin because it is virtually identical to the earlier crossclaim "except for one line which adds an element of the estate's claim," and that Yeargin has been aware of the additional claim for constructive fraud since September 6. (Docket Entry No. 30, at p. 4).

Clower has shown good cause. He has shown diligence and has asserted an additional claim in an additional capacity, which is important to his case. Allowing amendment will not prejudice the parties because the discovery deadline is March 16, 2018, and the parties have not filed dispositive motions. The motion for leave to amend, (Docket Entry No. 30), is granted.

SIGNED on November 9, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge